UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE-MARIE CLARATY,<br><br>Plaintiff,<br><br>v.<br><br>LINDA HALL-MILLS, et al.,<br><br>Defendants. | Case No. 18-cv-06861-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

## I.   INTRODUCTION

Plaintiff Noe-Marie Claraty, pro se, brings this action under 42 U.S.C. § 1983 based on her temporary loss of custody of two minor children. Claraty names as Defendants Contra Costa County Child Protective Services ("CPS") and Linda Hall-Mills, a social worker employed by CPS. The County of Contra Costa (the "County") has appeared in place of CPS, and the parties agree that the County is the appropriate government defendant rather than CPS. *See* Mot. (dkt. 18) at 5; Opp'n (dkt. 23) at 10. Defendants move to dismiss Claraty's claim as untimely based on the two-year limitations period borrowed from California law. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for March 22, 2019. For the reasons discussed below, the motion is GRANTED, and Claraty's claim is DISMISSED with leave to amend no later than April 12, 2019 if she is aware of facts sufficient to toll the statute of limitations.

## II.   BACKGROUND

Claraty alleges that Defendants deprived her of custody of her two children, both under the age of six at the time. 1st Am. Compl. ("FAC," dkt. 7) at 4, § III. According to Claraty, Hall-Mills instructed Danville police officers to remove Claraty's newborn son NBG from her home, based on unreliable reports from NBG's father and without regard to contrary evidence both that

Claraty posed no risk to NBG and that the father himself behaved erratically. *Id.* at 4–5, § III. Claraty also alleges that Hall-Mills instructed the father of Claraty's other son CMG "that if he did not file an emergency order for removal of [CMG] from [Claraty's] custody, that he would be criminally prosecuted by CPS for child endangerment." *Id.* at 5, § III.

Claraty brings a single claim under 42 U.S.C. § 1983 against both Defendants for depriving her of her "right to enjoy parental custody of [her] children without interference from the state, absent compelling evidence that [she] present[s] a risk of harm to [her] children." *Id.* at 3, 5, §§ II.A, III. Although Claraty does not allege in her statement of her claim the date that she was deprived of custody, her description of the amount in controversy states that she and her children have experienced "anxiety and other symptoms resulting from Defendants' actions" since June of 2016. *Id.* at 4, § II.B.3. Claraty alleges that the "date of [her] discovery of [her] injury was May 16, 2018, when [she] was diagnosed with post-traumatic stress disorder ['PTSD'], caused by this event." *Id.* at 4, § III.

### III. RULE 5.2

Claraty's original complaint included the names of her minor children. The Court sealed that complaint and instructed Claraty to file a redacted complaint referring to minors only by their initials, as required by Rule 5.2 of the Federal Rules of Civil Procedure. Claraty thereafter filed her operative first amended complaint, which largely complied with that instruction but still includes one instance of the first name of a minor, at page 5. The Court hereby SEALS the first amended complaint and, to complete the public record, files a redacted version as an attachment to this order.

### IV. ANALYSIS OF MOTION TO DISMISS

#### A. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which

2

sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint "'must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "'the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure

3

that the litigant uses the opportunity to amend effectively.'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "'Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. Statute of Limitations

Defendants move to dismiss Claraty's claim as untimely. *See generally* Mot. If the expiration of the applicable statute of limitations is apparent from the face of the complaint, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Section 1983 borrows the statute of limitations for a personal injury claim under the law of the state where the action is filed, which is two years in California. *See Owens v. Okure*, 488 U.S. 235, 240–41 (1989); *Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004). Federal law, however, determines when the claim accrues and when that two-year limitations period begins to run. *See Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Defendants correctly argue that Claraty's statement of the amount in controversy indicates that she lost custody of her children at least by June of 2016. Mot. at 2 (citing FAC at 4, § II.B.3). Claraty states in her opposition brief that she lost custody in June of 2015, and that she regained shared custody of one child in March of 2016 and of the other child in September of 2016. Opp'n at 4. All of those dates are more than two years before Claraty filed this action in November of 2018. *See* dkt. 1.

The question, then, is whether the statute of limitations for Claraty's claim began to run when she lost custody, in which case it would be barred by the statute of limitations, or at some point thereafter. Claraty argues that her claim accrued in May of 2018, when she was diagnosed with PTSD, relying primarily on an accrual rule discussed in several cases decided by the Seventh Circuit. Opp'n at 7. In *Arroyo v. United States*, 656 F.3d 663 (7th Cir. 2011), the Seventh Circuit held that a district court applied the correct accrual rule for a claim under the Federal Tort Claims Act ("FTCA") by looking to "when the plaintiff knew about 'the government cause . . . or when a reasonably diligent person . . . would have discovered the government cause.'" *Arroyo*, 656 F.3d

4

at 669 (citation omitted). The two other Seventh Circuit cases that Claraty cites for this rule similarly address claims under the FTCA, not § 1983. *See Arteaga v. United States*, 711 F.3d 828, 831–32 (7th Cir. 2013); *Nemmers v. United States*, 795 F.2d 628, 629 (7th Cir. 1986).[1] While those cases do not necessarily speak to the Ninth Circuit's test for accrual of a § 1983 claim, the Ninth Circuit has adopted a similar test for such claims. *Bonneau*, 666 F.3d at 581 (holding "that a 'claim accrues' not just when the plaintiff experiences the injury, but 'when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury'" (quoting *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008)).

That does not mean, however, that the claim accrues whenever any subsequent symptom of the original injury manifests. The most direct injury of which Claraty complains is not her PTSD diagnosis, or any earlier psychological symptoms for which she contends she was unaware of the cause before that diagnosis, *see* Opp'n at 8, but the loss of custody of her children. *See* FAC at 4, § III (citing a decision from the Western District of Pennsylvania[2] holding that deprivation of custody without sufficient evidence constitutes a substantive due process violation); *see also, e.g.*, *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) (recognizing "an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency"). Claraty was certainly aware that her children were taken from her at the time that event occurred, and there is no indication that she only learned of any other facts *necessary* to her claim—such as Defendants' alleged responsibility for her loss of custody—within two years before she brought this action.

Courts considering similar questions have held that "civil rights claims based on child removal accrue . . . when the child is removed from the parent." *Belinda K. v. County of Alameda*, No. 10-CV-05797-LHK, 2011 WL 2690356, at *6 (N.D. Cal. July 8, 2011) (citing *Kovacic v.*

---

[1] Claraty also cites a decision by the Supreme Court of Oregon that considered accrual under § 1983 and held that the same test applied. *See J.M. v. Or. Youth Authority*, 364 Or. 232, 252 (2019) ("We hold that an action under section 1983 accrues when a plaintiff knows or reasonably should know of the injury and the defendant's role in causing the injury.").
[2] *Mort v. Lawrence Cty. Children & Youth Servs.*, No. 2:10CV1438, 2011 WL 3862641, at *8 (W.D. Pa. Aug. 31, 2011).

5

*Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 307 (6th Cir.2010)). Courts have not based accrual on when a particular symptom of an injury manifests, so long as *some* injury is apparent earlier. *Bales v. Danielson*, No. 2:15-CV-0162-TOR, 2016 WL 593594, at *2 (E.D. Wash. Feb. 12, 2016) (holding that a claim accrued at the time of a sexual assault, not when the plaintiff was subsequently diagnosed with PTSD); *Doe v. County of Josephine*, No. 1:12-cv-2080-CL et al., 2015 WL 2412181, at *7 (D. Or. May 18, 2015) (declining "to hold that a claim arising from sexual abuse does not accrue until a plaintiff discovers the extent of all psychological harm caused by that abuse"), *aff'd*, 697 F. App'x 567 (9th Cir. 2017); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[T]his court has repeatedly held that a 'mere continuing *impact* from past violations is not actionable.'" (citation omitted)). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391.

Based on the facts alleged, Claraty's claim under § 1983 accrued when she lost custody of her children in 2015, more than two years before she brought this action. Defendants' motion to dismiss Claraty's first amended complaint is therefore GRANTED.

A district court may dismiss a pro se plaintiff's case without leave to amend only where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212. Although no basis for tolling or excusing the statute of limitations is apparent from Claraty's complaint, the Court cannot say with certainty that Claraty would not be able to establish grounds for any tolling doctrine in a subsequent amended complaint. If Claraty is aware of sufficient facts to overcome the limitations issue identified in this order, she may file a second amended complaint no later than April 12, 2019.

## V. CONCLUSION

For the reasons discussed above, Defendants' motion is GRANTED, and Claraty's first amended complaint is DISMISSED with leave to amend no later than April 12, 2019.

Claraty, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th

6

floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982, signing up in the appointment book located outside either office, or emailing federalprobonoproject@sfbar.org.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: March 15, 2019

JOSEPH C. SPERO
Chief Magistrate Judge