UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE-MARIE FILICE CLARATY,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDA HALL-MILLS, et al.,<br><br>    Defendants. | Case No. 18-cv-06861-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 31 |

## I. INTRODUCTION

Plaintiff Noe-Marie Claraty, pro se, brings this action under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA") based on her temporary loss of custody of two minor children. Claraty names as Defendants Contra Costa County (the "County") and Linda Hall-Mills, a social worker employed by the County. The Court previously granted Defendants' motion to dismiss Claraty's first amended complaint based on the statute of limitations, and Claraty filed a second amended complaint asserting equitable tolling. Defendants move once again to dismiss. The Court held a hearing on May 31, 2019. For the reasons discussed below, Defendants' motion is GRANTED, and Claraty's complaint is DISMISSED with prejudice. The Clerk shall enter judgment in favor of Defendants.[1]

## II. BACKGROUND

Claraty asserts a claim under § 1983 and a claim under the FTCA based on her temporary loss of custody of her young children, allegedly as a result of a purportedly false report prepared by Hall-Mills and other alleged efforts by Hall-Mills to deprive Claraty of custody. Claraty alleges that police officers removed her three-week-old child NBG from her care in June of 2015

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

based on Hall-Mills's report, and that Claraty and the father of her second child, CMG, stipulated to the father assuming custody based on Hall-Mills's threat that CMG would be placed in foster care if they did not do so. 2d Am. Compl. ("SAC," dkt. 3) at 3–4. Claraty regained shared custody of CMG on March 7, 2016 and of NBG on September 1, 2016. *Id.* at 4. Claraty was diagnosed with post-traumatic stress disorder ("PTSD") in May of 2018, and filed this action on November 13, 2018. *Id.* at 4–5.[2]

In response to Defendants' motion to dismiss her previous complaint, which alleged similar facts but asserted a claim only under § 1983, Claraty argued that her diagnosis with PTSD was the relevant point from which to measure the two-year statute of limitations for her claim. The Court held that the statute of limitations instead began at the time that Claraty lost custody, which was itself a cognizable injury, not when she became aware of further manifestations of harm, such as PTSD, arising from that original injury. Order Dismissing 1st Am. Compl. (dkt. 29)[3] at 4–6 (citing, *e.g.*, *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[T]his court has repeatedly held that a 'mere continuing *impact* from past violations is not actionable.'" (citation omitted)); *Belinda K. v. County of Alameda*, No. 10-CV-05797-LHK, 2011 WL 2690356, at *6 (N.D. Cal. July 8, 2011) ("[C]ivil rights claims based on child removal accrue . . . when the child is removed from the parent."))[4] Because "Claraty's claim under § 1983 accrued when she lost custody of her children in 2015, more than two years before she brought this action," the Court dismissed her complaint with leave to amend if Claraty could allege facts sufficient to toll the

---

[2] Because most of the details of Claraty's complaint are not relevant to the statute of limitations issue or the scope of the FTCA, only a brief summary of her allegations is included here. The brevity of this summary is not intended to reflect any view of the substance of Claraty's allegations or to diminish the traumatic nature of her custody disputes.

[3] *Claraty v. Hall-Mills*, No. 18-cv-06861-JCS, 2019 WL 1228237 (N.D. Cal. Mar. 15, 2019). Citations herein to the Court's previous order refer to page numbers of the version filed in the Court's ECF docket.

[4] In a surreply—captioned as a motion to extend time to respond to Defendants' motion—Claraty argues that *Belinda K.* is distinguishable in that there, "the social worker based the removal of the child based on facts of abuse that were reported by the child," whereas here, Claraty has alleged that "the defendant Hall-Mills used non-factual material, misrepresentations, and the power of her office to coerce a disruption of due process, substantially after any potentially relevant facts had long since become obsolete." Surreply (dkt. 36) at 2. Such a distinction might be relevant to the propriety of the underlying decision, but has no bearing on when the claim accrues. If anything, a more clearly wrongful act should more clearly put a plaintiff on notice of potential claims. The Court declines to reconsider its reliance on the rule of *Belinda K.*

2

1 statute of limitations. *Id.* at 6.

2 Claraty's second amended complaint adds her claim under the FTCA and reasserts her argument that the statute of limitations, at least for the newly-added FTCA claim, should run from the date of her PTSD diagnosis. *See* SAC at 7–15. Claraty also asserts that the statute of limitations for her claim under § 1983 should be extended based on the doctrine of equitable tolling, because the requirements set by the family court for her to regain custody, among other responsibilities, were overwhelming, and she could not have filed a complaint before May of 2017. *Id.* at 16–21.

Defendants now move to dismiss the second amended complaint, arguing that Claraty cannot state a claim under the FTCA—which provides for claims against the United States—against a local government or its employee, and that Claraty is not entitled to equitable tolling or any other relief from the statute of limitations for her claim under § 1983. *See generally* Mot. (dkt. 31).

### III. ANALYSIS

#### A. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint "'must contain either direct or inferential allegations respecting all the

3

material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "'the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "'Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. Claraty Cannot State a Claim Under the FTCA Against These Defendants

Defendants argue in their motion that Claraty cannot state a claim against them under the FTCA because that statute allows suits against the United States, not local governments or their employees. Claraty does not address this issue in her opposition brief. "The FTCA is the

4

exclusive remedy for tortious conduct *by the United States*, and it only allows claims *against* the United States." *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (emphasis added). Claraty's claim under the FTCA is therefore DISMISSED with prejudice.

### C. Claraty's § 1983 Claim Is Barred by the Statute of Limitations

As a starting point, the Court declines to revisit its previous holding that the two-year statute of limitations for Claraty's § 1983 claim runs from the date that she lost custody of her children, not from the date that she was diagnosed with PTSD. *See* Order Dismissing 1st Am. Compl. at 5–6 (citing authority, including cases considering similar claims and arguments). Claraty lost custody of both of her children, and in fact also regained custody, more than two years before she filed this action in November of 2018. Claraty argued in a filing after the hearing that the court should not endorse a rule "that any citizen who has an unpleasant experience with the state should immediately file a lawsuit on the chance that an injury may occur." Reply re Request to Rehear (dkt. 41) at 3. Here, however, an injury *did* occur at the time of the state action in question—Claraty lost custody of her children. The Court therefore turns to the question of equitable tolling.

Because § 1983 borrows state statute of limitations, state tolling doctrines also apply to such claims. *See Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Neither Defendants' motion nor Claraty's opposition brief addresses California's test for equitable tolling. *See* Mot. at 5–7 (citing cases applying federal law); Opp'n at 5–7 (same). Defendants briefly address the California standard for the first time in their reply. *See* Reply at 2–3.[5]

Under California law, the doctrine of equitable tolling "is 'designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008) (quoting *Appalachian*

---

[5] The Court's decision to grant the present motion should not be construed as condoning Defendants' failure to address the controlling legal test until their reply. Despite that error by Defendants, however, Claraty has now had ample opportunity at the hearing and in her post-hearing filings to address whether she could satisfy the California standard for equitable tolling. There is no indication that she could do so.

5

*Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 38 (1989)). "[A] plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (quoting *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988)) (applying California law). The doctrine often applies "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald*, 45 Cal. 4th at 100 (alteration in original; citations and internal quotation marks omitted). Here, Claraty has not shown that she meets the first required element: placing Defendants on notice of her claim within the limitations period. The Court raised this issue at the hearing, and Claraty did not identify any facts she could allege in an amended complaint to indicate that she placed Defendants on notice of her claim.[6]

After the hearing, Claraty filed a "request to re-hear arguments," indicating that she did not understand that a hearing on Defendants' motion, rather than a case management conference, would occur on the date of the hearing. *See generally* Request to Rehear (dkt. 39). Nothing in Claraty's request to rehear the motion, nor in the reply that she filed after Defendants opposed that request (dkt. 41), indicates that Claraty could cure the defects in her complaint if granted leave to amend or leave to reargue the motion. Claraty appears to have been confused by the Clerk's Notice (dkt. 34) indicating that a case management conference originally set for May 17, 2019 was continued to coincide with the hearing on Defendant's motion on May 31, 2019. *See* Request to Rehear Ex. A. Her reply argues that she "did not understand that the nature of the hearing could change at such short notice." Reply re Request to Rehear at 2. But no change occurred—Defendants' motion was noticed for a hearing on May 31, 2019 when it was originally filed, *see* Mot. at 1, and no action by the Court altered that hearing date. Neither Claraty's request to rehear

---

[6] The Court is sympathetic to the argument that Claraty may not have been able to file this action while suffering from undiagnosed PTSD, but while Claraty may not have been capable of formally pursuing a civil action at that time, she has not alleged facts—nor indicated that she could amend to allege facts—to show that she could not at least informally have placed Defendants on notice of her contentions within the limitations period.

6

argument nor her reply includes any argument that, if presented at a rehearing, would alter the Court's conclusion that the statute of limitations bars Claraty's claims. The Court further notes that litigants are not entitled to oral argument. *See* Civ. L.R. 7-1(b).

Even if Claraty could allege that she placed Defendants on notice of her claims during the limitations period, she has not shown that she could not have filed this action for an additional seventeen months after May of 2017, when, by her own allegations, the barriers to pursuing her claim subsided. Such delay tends to suggest that Claraty could not satisfy the third element of California's test for equitable tolling, which looks to the reasonableness of the plaintiff's conduct. Claraty indicated at the hearing that much of the delay in filing this action was due to the time it took to obtain a diagnosis of PTSD, but as discussed above, in the Court's previous order, and in *Belinda K.*, the statute of limitations for Claraty's claim arising from the loss of custody of her children does not depend on the manifestation of a subsequent or more severe injury.

Because Claraty has not alleged that she placed Defendants on notice of her claim during the limitations period, whether by pursuing some other legal remedy or in some other way, she is not entitled to equitable tolling under California law, and her § 1983 claim must be dismissed for failure to comply with the two-year statute of limitations.[7]

/ / /

/ / /

/ / /

/ / /

---

[7] Claraty's claim would fare no better if federal law governed the statute of limitations. The Ninth Circuit has held, in the context of a claim under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), that precedent regarding equitable tolling "requires a petitioner to show diligence through the time of filing, even after the extraordinary circumstances have ended." *Luna v. Kernan*, 784 F.3d 640, 651–52 (9th Cir. 2015) (citing *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003)); *see also Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (citing a different aspect of *Luna*'s equitable tolling analysis in a non-AEDPA case, indicating that the framework applied in *Luna* was not specific to that statute). While the *Luna* decision called into question the wisdom of such a rule, it concluded that the rule remains binding. *Luna*, 784 F.3d at 652. This Court is not free to deviate from Ninth Circuit precedent. Accordingly, even if, as Claraty alleges, she was unable to devote time to preparing a complaint before May of 2017, *see* SAC at 21, her complaint does not allege diligence in preparing a complaint during the intervening period of around seventeen months before she filed this action.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion is GRANTED, and this case is DISMISSED with prejudice. Claraty's request to rehear argument on the motion is DENIED. The Clerk is instructed to enter judgment in favor of Defendants and to close the file.

**IT IS SO ORDERED.**

Dated: January 2, 2020

JOSEPH C. SPERO
Chief Magistrate Judge